## STATE COURT OF APPEALS—Continued

### No. 148

#### SMOLINSKI v. FISHER BODY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

For statement of O S pending case, see 2 Abs. 578; motion to certify ov. and judg. aff. 2 Abs. 739, 740.

(Pollock, Roberts and Farr, J. J., sitting)

1283. WORKMEN'S COMPENSATION — An employee suffering a loss from an occupational disease has the right to bring an action against his employer for the violation of a lawful requirement.

POLLOCK, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Original action in the Common Pleas wherein Stanley Smolinski was plaintiff, and The Fisher Body Co. was the defendant. Smolinski, while an employee of defendant, suffered certain disabilities due to working in a closed room, where he inhaled lead dust fumes and vapors. The defense was that the defendant had complied with the provisions of the Workmen's Compensation Act. Defendant made a motion for judgment in its favor, arguing that at common law there could be no recovery of damages for loss suffered from an occupational disease. The trial court granted the motion and rendered judgment for defendant. Plaintiff prosecuted error to the Court of Appeals which held:

At common law there could be no recovery for loss suffered from an occupational disease. 92 OS. 326. By Art. 2, Sec. 35 in the Constitution of 1912 the legislature was empowered to enact the Workmen's Compensation Act by which the employee was deprived of all right of action against his employer except as therein provided. The statute giving the employee the right to bring an action on certain grounds at his election was construed by the Supreme Court to be broad enough to comprehend injuries arising from an occupational disease. 106 OS. 541. The Compensation Law was then amended to include occupational disease 1485-68A GC.

In this case the employee had a right to compensation. But instead of accepting it he elected to bring an action under 1465-76 GC, which gives the right to bring an action if the injury is caused by the violation of a lawful requirement. By 1465-68B GC the employee suffering loss from an occupational disease was given the same rights that an injured employee had. Consequently he has the right to recover for the violation of a lawful requirement. Plaintiff here pleaded an injury caused by the violation of an ordinance. That is the violation of a lawful requirement. 108 OS 149. Consequently the trial court erred in directing a verdict upon the pleadings. Judgment reversed.

Attorneys—Wm. J. Shaver, Day & Day, and D. W. King, for Smolinski; Tolles, Hogsett, Ginn, Morley, for Fisher Body Ohio Co.

### No. 150

#### MORRIS PLAN BANK v. KINSNER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5274.　Oct. 20, 1924.

587. GUARANTY—The obligation of a guarantor to pay, dates back to the date of the original contract of guaranty.

557. FRAUD—The transfer of property by a guarantor made without consideration after the signing of the guaranty contract, may be set aside as constructively fraudulent.

LEVINE, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Original action in the Common Pleas wherein The Morris Plan Bank of Cleveland was plaintiff and Jacob Kinsner and Hannah Kinsner were defendants. On May 8, 1919 the Bank contracted to discount certain accounts that might thereafter be offered to it by one Tisch and defendant Jacob Kinsner guaranteed the payment by Tisch of all such accounts. Tisch failed to make some of the payments and on May 1921 the bank sued Tisch and Kinsner and received judgment for $2900. Before that suit, on March 21, 1921, after Tisch was in default, Kinsner in consideration of love and affection transferred to his wife, Hannah, 6000 shares of stock. The Bank brought this action asking that transfer of stock be set aside and the stock be sold for the benefit of creditors. The defense was that the transfer could not be regarded as constructively fraudulent, because Kinsner's obligation to pay had not then matured. The case came on appeal to the Court of Appeals which held:

A transfer of property made other than for a valuable consideration is deemed constructively fraudulent as against existing creditors.

The moment that Tisch defaulted the obligation of Kinsner to pay arose and it dated back to May 8, 1919, the date of the contract. Decree for plaintiff.

Attorneys—Bulkley, Hauxhurst, Jamison & Sharp for Bank; H. T. Hoffman for Kinsner; all of Cleveland.